T. M. SPARROW AND D. H. LEWIS v. M. H. FOLLEY.

(Filed 27 January, 1931.)

**Evidence L b—Admission of judgment in evidence held not erroneous in this case.**

In an action to recover the purchase price of a shingle mill alleged to have been sold and delivered to the defendant who assumed an existing mortgage thereon as a part of its purchase price, defendant denied liability on the ground of plaintiff's breach of a condition precedent. The jury having found against the defendant, it is *held:* the admission in evidence of a judgment against the plaintiff for the amount of the mortgage debt, which defendant admitted he owed if the contract was binding upon him, was not erroneous.

APPEAL by defendant from *Moore, J.,* at February Term, 1930, of MOORE. No error.

The jury returned the following verdict:

1. Did the plaintiff sell the defendant the shingle mill outfit as alleged in the complaint? Answer: Yes.

2. If so, what was the agreed purchase price for said shingle mill outfit? Answer: $1,300.

3. In what sum, if anything, is defendant indebted to the plaintiffs in this action? Answer: $1,003, with 6 per cent interest from 20 January, 1926.

*H. F. Seawell, Jr., and J. Vance Rowe for plaintiffs.*
*Johnson & Johnson and U. L. Spence for defendant.*

PER CURIAM. The plaintiffs brought suit to recover an amount claimed to be due them by the defendant on the purchase of a shingle mill. They alleged that they had sold the mill at the price of $1,300; that the defendant had paid them $300 and had assumed the payment of or had bought subject to a mortgage in the sum of $1,000; that he had made default; that the mortgagee had sued them and had recovered a judgment for $1,003.95, which they had paid; and that this payment had resulted directly from defendant's breach of the contract. The defendant alleged and testified that this purchase was made to depend on the precedent condition that the plaintiffs were to secure for him a man who was competent to operate the mill; that the plaintiffs had not done so, and that the trade was never consummated. Three issues were submitted to the jury, who found that the trade had been made as alleged in the complaint; that the price was $1,300, and that the defendant was indebted to the plaintiffs in the sum of $1,003, with interest at

6 per cent from 20 January, 1926. Judgment was given for the plaintiff and the defendant excepted and appealed.

The first exception, taken to the court's refusal to admit in evidence a judgment of the Superior Court of Bladen County in the case of Thomas v. Sparrow *et al.,* is without merit. The defendant admitted in his cross-examination that if he had bought the mill he would have been indebted to the plaintiffs in the sum of $1,000, the remainder of the purchase price, and the jury found from the evidence that he had bought the property at the agreed price. The controversy was confined to matters involved in the three issues and under them the defendant was given the benefit of every instruction to which he was entitled. The defendant has no just cause to complain of the charge in view of the instructions upon the issues which were submitted without objection. We have considered all the exceptions and find no sufficient cause for granting a new trial.

No error.